Shaw, Licitra & Levine, Garden City, N. Y., for trustee in bankruptcy.

Fogel, Kamhi & Spiegler, P. C., New York City, for Jena Bridals, Inc.

Richard Turyn, New York City, for The Slavenburg Corp.

## In re FERRARA OF MILAN DESIGNER SPORTSWEAR, INC., d/b/a Ferrara of Milan, Debtor.

### Bankruptcy No. 80 B 11977 (EJR).

United States Bankruptcy Court, S. D. New York.

June 28, 1982.

EDWARD J. RYAN, Bankruptcy Judge.

On November 7, 1980, an involuntary petition was filed against Ferrara of Milan Designer Sportswear, Inc., d/b/a Ferrara of Milan ("Ferrara"), pursuant to Sections 303 and 701 et seq. of the Bankruptcy Code. An order for relief was signed on February 3, 1981. On August 26, 1981, the trustee in the within case filed a motion for an order transferring a certain State court proceeding to this court pursuant to 28 U.S.C. § 1478.[1] The action pending in the Supreme Court of the State of New York was

---

1. It should be noted that no motion is required to remove a matter to the bankruptcy court. Section 1478 of Title 28 of the United States Code is self-executing; a hearing is had on the removal only if a party in interest objects to the removal and makes a motion for remand to the civil court.

entitled: "Jena Bridals, Inc., Plaintiff against The Slavenburg Corporation, Defendant; The Slavenburg Corporation, Third Party and Interpleader Plaintiff against John Doe, as Trustee in Bankruptcy of Ferrara of Milan Designer Sportswear, Inc., and Ferrara of Milan, S.P.A. Inc., Third Party and Interpleader Defendants."

Notice of the transfer motion was given to the plaintiff and defendant in the State court action; however, no notice appears to have been given to Ferrara of Milan S.P.A., Inc. ("Milan"), the third party co-defendant. On the return date of the hearing, the only parties appearing were the trustee and The Slavenburg Corporation ("Slavenburg").

At the October 7, 1981 return date of the motion, the attorney for the trustee represented that Jena Bridals, Inc. ("Jena"), did not object to the relief requested. According to the attorney for the trustee, the State court litigation into which the trustee of the debtor corporation, Ferrara, was interpleaded as one of the third-party defendants, ought to be transferred in its entirety to this court since Ferrara is intimately involved in the litigation and since such transfer would facilitate the trustee's investigation into the relationship between the debtor's principal and the third party co-defendant.

■ Removal of a civil action to the bankruptcy court for the district where such civil action is pending is authorized by Section 1478 of Title 28 of the United States Code. This court, with its expanded jurisdiction,[2] has jurisdiction over the action since the proceeding is related to a pending Code case. However, the determination of whether or not to remand the proceeding is entirely within the court's discretion; remand can be made on any equitable ground.[3]

■ Since no notice of the removal was given to Milan, a New Jersey corporation who is the third party co-defendant with Ferrara, and since no representations were made at the hearing as to Milan's position

concerning the removal of the civil court action to the bankruptcy court, this court, in its discretion, denies the trustee's gratuitous motion for removal of the action.

Settle an appropriate order.

---

2. 28 U.S.C.A. § 1471.

3. 28 U.S.C.A. § 1478(b).